defendant's motion for judgment affirmed, without costs. No opinion. Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred.

In the Matter of the Application of J. Wentworth Perkins for Admission to the Bar — Application granted. Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.

Edward E. Babcock, Respondent, v. Rogers Peet Company, Appellant.— Order modified by providing that defendant shall not be precluded from giving evidence of any instances relating to matters specified in subdivisions 6, 7, 8 and 9 of the order, and by reversing the 10th subdivision; and as so modified affirmed, without costs. No opinion. Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred.

Mary Farrell, Respondent, v. Hugo Heumann, Appellant.— Although the averment is that the glass which struck plaintiff fell from the window of " an upper story," without inserting the words " of defendant's aforesaid premises," yet the following averments that said glass had been in a defective condition and that defendant had negligently and willfully suffered and permitted the said dangerous and defective condition to continue, clearly connect such upper story with defendant's premises, in front of which plaintiff was lawfully walking. An omission to pray for judgment is not a ground to demur. The interlocutory judgment is, therefore, affirmed, however, with but one bill of costs to respondent. Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred.

Bernard J. Farrell, Respondent, v. Hugo Heumann, Appellant.— Interlocutory judgment overruling demurrer affirmed, without costs, in accordance with the decision made herewith in Farrell v. Heumann (ante, p. 902). Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred.

Charles F. Hart, Respondent, v. Robert J. Collier, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred.

Hindley & Pendleton Company, Inc., Respondent, v. Newman & Carey Subway Construction Company, Inc., Appellant.— The conclusion of the witness Cunningham that $1,583.40 was the reasonable value of his services in repairing and refitting this piping, though not contradicted, did not bind the jury. Issues had first to be determined as to the prior erection of the pipe, the damage to a flange, the kind of bolts, and the reasonable gas pressure which such pipe was expected to withstand. Before the whole cost of the work could be recovered, the jury had to pass on the causes for such work and to what extent plaintiff was answerable therefor. Hence the court properly declined to instruct the jury that it was bound by the testimony as to the value of the service in fixing the pipe. In view of the many elements entering into the verdict, we cannot say it was error to refuse to set it aside, as against the weight of the evidence. The judgment and order are, therefore, unanimously affirmed, with costs. Present — Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ.

Lincoln Trust Company, Trustee, Respondent, v. McKnight Realty Company and Others, Defendants. Woodland Estates, Inc., Purchaser, Appellant.— Order reversed, and motion that the referee pay the taxes